## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

APR 1 6 2010

CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

**WILLIAM E. JOHNSON**
and
**PETER R. LAU,**

       Plaintiffs,

v.

       CIVIL ACTION NO. 3:10cv246
       **TRIAL BY JURY DEMANDED**

**EXPERIAN INFORMATION SOLUTIONS, INC,**

SERVE:    David N. Anthony
             Registered Agent
             1001 Haxall Point
             Richmond, VA 23219
and

**TRANS UNION, LLC,**

SERVE:    Corporation Service Company
             Registered Agent
             11 S. 12th Street
             Richmond, VA 23218
and

**EQUIFAX INFORMATION SERVICES, LLC,**

SERVE:    Corporation Service Company
             Registered Agent
             11 S. 12th Street
             Richmond, VA 23218
and

**SELECT PORTFOLIO SERVICES, INC,**

SERVE:    Corporation Service Company
             Registered Agent
             11 S. 12th Street
             Richmond, VA 23218

       Defendants.

## COMPLAINT

NOW COME the Plaintiffs, WILLIAM E. JOHNSON and PETER R. LAU, (hereafter the "Plaintiffs") by counsel, and for their complaint against the Defendants, allege as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, and violations of the Federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601

## JURISDICTION

2.     The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper in that those Defendants with offices in Virginia maintain and do business in the Commonwealth of Virginia in Richmond through their registered agents and offices and the actions complained of occurred in Richmond.

## PARTIES

3.     The Plaintiffs each are natural persons and each is a "consumer" as defined by 15 U.S.C. §1681a(c) and each are a "consumer" as governed by RESPA.

4.     Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

5.     Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in

2

the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

6.      Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7.      Upon information and belief, TRANS UNION, LLC, ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Glen Allen, Virginia.

8.      Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9.      Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10.     Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

11.     Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

3

13.     Upon information and belief, Select Portfolio Services, Inc., ("SPS") is a foreign corporation with its principal place of business located in Utah and a "mortgage servicer" as defined and governed by the RESPA.

## FACTS

14.     In 2007, Plaintiffs entered into a Settlement Agreement and General Release of Claims with Defendant SPS, terminating complaints filed by the Plaintiffs against SPS, case numbers Richmond Circuit Court CL06-5796 and Richmond Federal District Court 3:06cv-666.

15.     An express term of the settlement between Plaintiffs and SPS was and is:

3(2)(h).  With regard to credit reporting for Johnson/Lau, SPS will report the account as disputed and remove all derogatory references, if any, from the date SPS began servicing their Loan through the date of this agreement and thereafter SPS shall resume regular and systematic reporting on the account as required by law. (emphasis added)

16.     Plaintiffs began making and did thereafter make timely payments pursuant to the settlement agreement. Payments began on June 1, 2007, pursuant to the Loan Modification within the settlement agreement.

17.     On or about April 21, 2008, and May 14, 2008, Plaintiffs obtained copies of their credit reports from Equifax, Trans Union and Experian and learned that the SPS account was being reported incorrectly.

18.     The credit reports for Plaintiff Johnson continued to reflect old information for SPS regarding alleged late payments and did not list any payments made on or after the date of the settlement agreement.

19.     The credit reports for Plaintiff Lau incorrectly reflected that the SPS account had been included in bankruptcy and listed no payment information old or new.

4

20.    Plaintiffs' monthly mortgage payment statements for November 2007 through June 2008 did not appear to show proper application of payments made by the Plaintiffs.

21.    On or about July 8, 2008, Plaintiffs sent SPS a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq, requesting information on the application of their mortgage payments.

22.    On or about July 28 and 31, 2008, and August 4 and 11, 2008, Plaintiffs obtained copies of their credit reports from Equifax, TransUnion and Experian and learned that there had been no change in the reporting of the SPS account and that the SPS account was still reporting incorrectly.

23.    On or about October 8, 2008, SPS responded to Plaintiffs' QWR with what appeared to be an adequate explanation of the application of Plaintiffs' payments.

24.    However, on or about October 15 and 16, 2008, under the impression that SPS was now fully abiding by the settlement agreement, Plaintiffs again obtained copies of their credit reports from Equifax, TransUnion and Experian and learned that the SPS account was still reporting inaccurately.

25.    The credit reports for Plaintiff Johnson from TransUnion and Experian still reported the same late payment information as had the two previous sets of credit reports. The credit report from Equifax now did not list an SPS account but did list a Loan Servicing Center account with the same account number as the SPS account, incorrectly reporting as closed in 05/2003.

5

26.     All credit reports for Plaintiff Lau still reported the same reference to bankruptcy information as had the two previous sets of credit reports.

27.     On or about March 7, 2009, Plaintiffs sent Equifax, Trans Union and Experian dispute letters in regards to numerous incorrectly reporting accounts other than the SPS account.

28.     Responses from the credit reporting agencies to the March 7, 2009, dispute letter included the SPS account with information as follows:

a.     Plaintiff Lau's reports continued to inaccurately reflect references to bankruptcy.

b.     Plaintiff Johnson's Trans Union credit report continued to inaccurately reflect numerous late payments and no information after January 2003.

c.     Plaintiff Johnson's Experian credit report reflected the SPS account as closed on 5-03.

d.     Plaintiff Johnson's Equifax credit report, continued to inaccurately reflect a Loan Servicing Center account with the addition of a separate listing for SPS, both accounts reporting as closed.

29.     In March 2009, Plaintiffs sent SPS a second QWR specifically identifying the terms of the settlement requiring proper reporting of the account to the credit reporting agencies and asking that SPS make the required corrections.

30.     On or about April 27, 2009, SPS responded to Plaintiffs' second QWR and advised Plaintiffs that it had submitted a request to the credit reporting agencies "to show a discharged chapter 7 Bankruptcy as of May 31, 2003, with no reporting as of the February 2003

6

filing date" and that Plaintiff Johnson's reporting would be the same but without the bankruptcy information.

31.     On or about July 6, 2009, Plaintiffs each forwarded by certified mail a written dispute letter to Experian, Trans Union and Equifax disputing several accounts and personal information, with special emphasis on the problems with the SPS account.

32.     Plaintiffs provided each credit reporting agency with copies of the settlement agreement between Plaintiffs and SPS and copies of payment information showing continuing current payments.

33.     Trans Union responded to the July 6, 2009 letter claiming that the SPS account had been deleted as to both Plaintiffs.

34.     Experian responded to the July 6, 2009, dispute letter advising Plaintiff Johnson that the information (copies of the settlement agreement between Plaintiffs and SPS and copies of payment information showing continuing current payments) sent to them could not be used and that Experian would only contact the source (SPS) to determine Experian's reporting.

35.  On or about August 5, 2009 Experian responded to the July 6, 2009, dispute letter advising Plaintiff Johnson and provided a new credit report, which reflected no changes in the SPS account information. This was the last communication regarding Plaintiff Johnson from Experian.

36.     Experian responded to the July 6, 2009 dispute letter and advised Plaintiff Johnson that the date of last activity for the SPS account had been updated and that other information was reporting accurately.

37.    Defendants each received the Plaintiffs' disputes, but failed to do an adequate investigation and correct the reporting of the SPS account in Plaintiffs credit file.

38.    Experian, Trans Union and Equifax each had actual knowledge of Plaintiffs' dispute regarding the inaccuracies of the reporting of the SPS account and deliberately chose to ignore and permit the reporting of same.

39.    Upon information and belief, Plaintiff alleges that on one or more occasions Equifax, Experian and Trans Union each forwarded Plaintiffs' disputes to SPS. Upon information and belief, SPS was provided notice of Plaintiffs' disputes and despite such notice, failed and refused to investigate and correct the inaccurate reporting.

40.    After receiving Plaintiffs' notices of the inaccuracies and within the two years preceding the filing of this action, Equifax, Experian and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiffs which contained the inaccurate derogatory accounts.

### CLAIM ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (Experian, Equifax and Trans Union)

41.    Plaintiffs incorporate paragraphs 1 through 40 above as if fully set out herein.

42.    Defendants Experian, Equifax and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiffs' credit reports and credit files each published and maintained concerning the Plaintiffs.

43.    As a result of the conduct, actions and inactions of Defendants Experian, Equifax and Trans Union, the Plaintiffs suffered actual damages.

8

44. Defendants Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants Experian, Equifax and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

45. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## CLAIM TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (Experian, Equifax and Trans Union)

46. Plaintiffs incorporate paragraphs 1 through 45 above as if fully set out herein.

47. Defendants Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiffs' credit file.

48. As a result of the conduct, actions and inactions of Defendants Experian, Equifax and Trans Union, the Plaintiffs suffered actual damages.

49. Defendants Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants Experian, Equifax and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

9

50.   The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### CLAIM THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (Experian, Equifax and Trans Union)

51.   Plaintiffs incorporate paragraphs 1 through 50 above as if fully set out herein.

52.   Defendants Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to SPS all relevant information regarding the Plaintiffs' dispute.

53.   As a result of the conduct, actions and inactions of Defendants Experian, Equifax and Trans Union, the Plaintiffs suffered actual damages.

54.   Defendants Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants Experian, Equifax and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

55.   The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### CLAIM FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4)
### (Experian, Equifax and Trans Union)

56.   Plaintiffs incorporate paragraphs 1 through 55 above as if fully set out herein.

10

57.    Defendants Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiffs.

58.    As a result of the conduct, actions and inactions of Defendants Experian, Equifax and Trans Union, the Plaintiffs suffered actual damages.

59.    Defendants Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants Experian, Equifax and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

60.    The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## CLAIM FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(A)
### (Experian, Equifax and Trans Union)

61.    Plaintiffs incorporate paragraphs 1 through 60 above as if fully set out herein.

62.    Defendants Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiffs' credit files or modify the items of information upon a reasonable reinvestigation.

63.    As a result of the conduct, actions and inactions of Defendants Experian, Equifax and Trans Union, the Plaintiffs suffered actual damages.

11

64. Defendants Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants Experian, Equifax and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

65. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

66. The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**CLAIM SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681i(a)(6)**
**(Experian, Equifax and Trans Union)**

67. Plaintiffs incorporate paragraphs 1 through 66 above as if fully set out herein.

68. Defendants Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(6) by failing to provide written notice to Plaintiffs of the results of a reinvestigation within five (5) days after the completion of the reinvestigation following Plaintiffs' dispute letters.

69. As a result of the conduct, actions and inactions of Defendants Experian, Equifax and Trans Union, the Plaintiffs suffered actual damages.

70. Defendants Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants Experian, Equifax and Trans Union were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

71.     The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

72.     The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## CLAIM SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(A)
(SPS)

73.     Plaintiffs incorporate paragraphs 1 through 72 above as if fully set out herein.

74.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, SPS violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate the Plaintiffs' disputes of the SPS reporting.

75.     As a result of this conduct, action and inaction of SPS, the Plaintiffs suffered actual damages.

76.     SPS's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, SPS was negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

77.     The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys fees from SPS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## CLAIM EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### (SPS)

78.     Plaintiffs incorporate paragraphs 1 through 77 above as if fully set out herein.

79.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, SPS violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the SPS representation within Plaintiffs' credit files with Equifax, Experian and Trans Union without also including a notation that it's debt was disputed and by failing to correctly report results of a reasonable investigation to each credit reporting agency.

80.     As a result of this conduct, action and inaction of SPS, the Plaintiffs suffered actual damages.

81.     SPS's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, SPS was negligent, entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

82.     The Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorney's fees from SPS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## CLAIM NINE: VIOLATION OF THE REAL
### ESTATE SETTLEMENT PROCEDURES ACT
### (SPS)

14

83.    Plaintiffs incorporate paragraphs 1 through 82 above as if fully set out herein.

84.    SPS willfully violated the RESPA on three separate occasions in one or more of the following ways, by example only and without limitation:

a.    By failing to acknowledge receipt of and to respond to the Plaintiffs' dispute letters in the time and manner required by the RESPA (12 U.S.C. §2605(e)(1)(A) and (e)(2));

b.    By failing to make appropriate corrections in the Plaintiffs' account and transmit written notification of such correction to the Plaintiffs (12 U.S.C. §2605(e)(2)(A));

c.    By failing to provide the Plaintiffs with a written explanation or clarification that includes a statement of the reasons that SPS believed the Plaintiffs' account to be correct and the name and telephone number of an individual employed by SPS who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(B)); and

d.    By failing to provide the Plaintiffs with a written explanation or clarification that included the information requested by the Plaintiffs or an explanation of why the information requested was unavailable or could not be obtained by SPS and the name and telephone number of an individual employed by SPS who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(C)).

e.    By continuing to report the derogatory credit history to the Plaintiffs' national credit files during the pendency of the Plaintiffs' qualified written request,

85.    As a result of the aforesaid violations of RESPA, SPS is liable to Plaintiffs for:

15

a.   Actual damages, including economical damages, emotional and mental distress, frustration, humiliation, and damage to their reputation.

b.   Statutory damages in the amount of $1,000.00 pursuant to 12 U.S.C. §2605(f)(1)(B); and

c.   Reasonable attorneys' fees and the costs of litigation.

WHEREFORE, your Plaintiffs demand judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**WILLIAM E. JOHNSON and**
**PETER R. LAU**

By _____
                    Of Counsel

Leonard A. Bennett, VSB #37523
Robin A. Abbott, VSB #46596
Gary L. Abbott, VSB #68829
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile